Tucker, P.
I have had not the slightest doubt of the right of Cooper the purchaser to the rent in question. The principles of the court, according to the english practice, I take to be clearly these: ■
1. Where there is a sale by the master, and the property appreciates by the accidental falling in of lives *319 or by other means, the court will only confirm the sale upon the terms of the purchaser’s making compensation. Davy v. Barber, 2 Atk. 490. Blount v. Blount, 3 Atk. 638. And in doing this, it but acts within the scope of its rights and powers; for the sale is not conclusive until confirmed, and justice to the owner of the estate demands that where there has been a material appreciation before confirmation, a resale should be directed unless the purchaser will make compensation.
2. Where, after the sale and before confirmation, (as in the cases of Ex parte Minor, 11 Ves. 559. and Heywood v. Covington's heirs, 4 Leigh 373.) the property is destroyed or materially injured by flood or fire, the loss must fall on the vendor; for as, in the case of appreciation, the vendee will be charged with compensation, so, in the case of depreciation by destruction of part of the estate, he has.a fair claim to a deduction. Until the sale is confirmed, he is considered in England as having no fixed interest in the subject of purchase. 11 Ves. 559. Before it is confirmed, he is always liable there to have the biddings opened, and therefore non constat that he is a purchaser. Anonymous, 2 Ves. jun. 336. In case of loss he is therefore allowed a deduction. The practice with us has gradually departed from that of the english courts in some respects which it is not necessary here to’set forth.
3. But, thirdly, where the sale is confirmed, that is, where both contracting parties (the purchaser and' the court) concur in ratifying the inchoate purchase, the confirmation relates back to the sale, and the purchaser is entitled to every thing he would have been entitled to if the confirmation and conveyance of title had been contemporaneous with the sale. Anson v. Towgood, 1 Jac. & Walk. 617. In this manner I think the several authorities are easily reconciled; and if this be so in England, I think it may be safely affirmed to be yet more unquestionable under our practice.
*320 Taking these principles as fixed, the present case will be found to come within the last. In this case Cooper purchased under a decree giving a credit of six, twelve and eighteen months. His bonds are given payable in six, twelve and eighteen months from the day of sale. If he does not receive this rent, he will have no enjoyment of the estate until nearly twelve months • after the sale, so that he will have to pay his first bond several months in advance of his perception of the profits, and his twelve months bond wrill be a cash payment. This is neither just nor equal. The report having been confirmed, he must be considered complete owner from the date of the sale, and of course entitled to the rent becoming due after it.
I have had much doubt, however, whether the remedy of Cooper was in the court of chancery, or at law. But upon much reflection, I think the action at law is maintainable. Before confirmation of the report, indeed, and while the cause is yet pending in the court of chancery, I am of opinion that to that tribunal alone can the purchaser resort for the adjustment of his rights and the énforcement of his claim. Such was the case of Crews v. Pendleton &c. 1 Leigh 297. and Heywood v. Covington's heirs, 4 Leigh 373. But where the chancery cause is ended, or where at least, by the confirmation of the report and the execution of the deed to him, the transactions with the purchaser in that court are closed and at an end, I apprehend it is competent to him to assert in this equitable action his title to the rent paid over wrongfully to the defendant. I am therefore of opinion to affirm the judgment.
The other judges concurring, judgment affirmed.